**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01813-PAB-SBP

REPORTHOST LLC,

      Plaintiff,

v.

SPECTORA, INC.,

      Defendant.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

**Susan Prose, United States Magistrate Judge**

      This civil action arises from a copyright dispute between Plaintiff ReportHost LLC and Defendant Spectora, Inc., concerning the alleged copying and use of ReportHost's proprietary content on Spectora's platform. Before the court are three motions: (1) ReportHost's Motion for Leave to File an Amended Complaint (ECF No. 48) (the "Motion to Amend"); (2) Spectora's Motion for Protective Order and Renewed Motion to Stay All Discovery Proceedings (ECF No. 55) (the "Motion to Stay"); and (3) Spectora's Motion for Leave to File a Surreply in Opposition to ReportHost's Motion to Amend or to Strike Portions of ReportHost's Reply (ECF No. 64) (the "Motion for Surreply"). The motions have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 29, 2024 (ECF No. 12), and the referral memoranda docketed at ECF Nos. 49, 56, and 66.

      Upon careful review of the parties' briefing, the applicable law, and the entire docket,

the court respectfully **GRANTS** the Motion to Amend,[1] **GRANTS in part** the Motion for

Surreply, and **GRANTS in part** the Motion to Stay.

## BACKGROUND

ReportHost develops and licenses software that allows home and commercial building

inspectors to generate narrative inspection reports using prewritten text "Narratives." Proposed

First Amended Complaint, ECF No. 48-2 ¶¶ 12-17. ReportHost alleges that it owns the

copyrights in those Narratives and that it registered a series of group-unpublished "Narrative

Collections" with the U.S. Copyright Office. *Id.* ¶ 17; *see also id.* at 31-35 (copyright data). The

parties entered into a confidential settlement agreement in connection with a previous lawsuit

pursuant to which Spectora agreed to delete certain identified ReportHost content from its

systems and to notify affected customers of a deletion deadline. *Id.* ¶¶ 56-59, 61, 66, 68; ECF

No. 45 at 4-7.

ReportHost contends that, despite that settlement, Spectora has continued to use

ReportHost's Narratives. ECF No. 48-2 ¶¶ 65, 72-85. Specifically, ReportHost alleges that

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, Nos. 06-cv-00605-PAB-KMT, No. 16-cv-02004-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021) (quotation omitted); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" for a magistrate judge to distinguish between allowing and denying an amendment in considering whether to issue an order or recommendation). Because this court finds that the Motion to Amend should be granted, the undersigned proceeds by order rather than recommendation.

Spectora: (1) copied Narratives from customer-submitted reports into an internal "Global Template"; (2) copied those Narratives into other customers' templates and reports; and (3) publicly displays at least one ReportHost Narrative on its website in a sample commercial inspection report. ECF No. 48-2 ¶¶ 37-39, 46-48, 52. ReportHost further alleges that Spectora encouraged its customers to use a Google Drive integration to copy existing reports and templates—including those containing Narratives—off Spectora's systems before deletion, and that customers continue to reproduce and distribute the Narratives. ECF No. 48-2 ¶¶ 49-51, 73-77.

On June 28, 2024, ReportHost filed its original complaint in this matter. ECF No. 1. The complaint raised six claims: three copyright claims relating to Spectora and its customers' alleged use of ReportHost Narratives; a claim alleging that Spectora made false or misleading statements in connection with Spectora's alleged attribution of "certain subpar narratives" to ReportHost, in violation of 15 U.S.C. § 1125(a); a claim under the Colorado Consumer Protection Act ("CCPA"), Colorado Revised Statute § 6-1-105, based on Spectora's alleged fomentation of ill will among its customers toward ReportHost; and a state law breach of contract claim premised on Spectora's alleged breach of the parties' prior settlement agreement. *See* ECF No. 1 ¶¶ 98-179.

On September 9, 2024, Spectora moved to dismiss all claims except the breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. Spectora also filed a special motion to dismiss the CCPA claim pursuant to Colorado Revised Statute § 13-20-1101, Colorado's Anti-SLAPP statute. ECF No. 16. The parties jointly moved to stay discovery pending a ruling on Spectora's anti-SLAPP motion. ECF No. 20. The undersigned magistrate

judge granted that request on October 1, 2024. ECF No. 24.

In September 2025, presiding United States District Judge Philip A. Brimmer granted Spectora's partial motion to dismiss, dismissing without prejudice the five claims that were the subject of the Rule 12(b)(6) motion. ECF No. 45 at 27. As to the copyright claims, Judge Brimmer found that ReportHost had plausibly alleged both that it owned the works at issue and that Spectora had access to those works. *Id.* at 9-13. However, Judge Brimmer concluded that ReportHost failed to plausibly allege a probative similarity between its Narratives and the allegedly infringing reports generated by Spectora, which sank its direct copyright infringement claim. *Id.* at 13-14. Furthermore, ReportHost failed to set forth facts to support its contention that Spectora's customers were infringing ReportHost's copyrighted Narratives, a necessary element of its claims for vicarious and contributory copyright infringement. *Id.* at 15-17.

Judge Brimmer dismissed ReportHost's claims under 15 U.S.C. § 1125(a) and the CCPA claim on similar grounds. *Id.* at 18-26. Specifically, he found that ReportHost had not identified what false or misleading statements Spectora had made or when Spectora had made them. *Id.* at 20-21. Furthermore, ReportHost failed to allege sufficient facts to plausibly indicate that the conduct underlying its CCPA claim had a significant public impact as to actual or potential consumers of ReportHost's products or services. *Id.* at 24-26. And because Judge Brimmer dismissed ReportHost's CCPA claim pursuant to Rule 12(b)(6), he denied Spectora's anti-SLAPP motion to dismiss as moot. *Id.* at 26. Following the dismissal of ReportHost's claims, the parties stipulated that ReportHost would submit an amended pleading by October 9, 2025. ECF No. 46 at 2. ReportHost accordingly filed the instant Motion to Amend on that date. ECF No. 48 at 1.

4

In its proposed Amended Complaint, ReportHost seeks to reassert the three copyright claims that were previously dismissed, while maintaining the breach of contract claim and adding another common law claim for breach of the implied covenant of good faith and fair dealing based on Spectora's alleged conduct following the parties' settlement agreement. ECF No. 48-2 ¶¶ 87-143. ReportHost does not attempt to revive its claims under 15 U.S.C. § 1125 and the CCPA. *Id.* ¶¶ 87-143. Spectora, for its part, opposes amendment on the grounds that ReportHost has unduly delayed amendment and that the proposed amendment would be futile. ECF No. 59 at 2-14.

Following the submission of ReportHost's reply in support of its Motion to Amend (ECF No. 63), Spectora filed its Motion for Surreply, asserting that ReportHost "submitted two new exhibits and made misleading arguments about the nature and import of that evidence" in its reply. ECF No. 64 at 1. As an alternative to a surreply, Spectora asks the court to strike portions of ReportHost's reply. *Id.* at 2. Spectora also filed the Motion to Stay, in which it requests that discovery remain stayed "until the pleadings have closed and the claims, defenses, and facts in dispute as to which discovery will be needed are known." ECF No. 55 at 9-10.

## ANALYSIS

### A.    Motion to Amend

The court begins its analysis by examining the parties' competing arguments concerning ReportHost's proposed amendment. In evaluating the Motion to Amend, the court considers Spectora's surreply (ECF No. 64-1), and so grants the Motion for Surreply to the extent Spectora makes that request. The court, however, declines to strike any aspect of ReportHost's briefing in support of its Motion to Amend. *See* ECF No. 64 at 2 (requesting that as alternative relief).

### 1.    Legal Principles

Federal Rule of Civil Procedure 15(a)(2)[2] provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, "[a] general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper." *Doe by & through Roe v. Cherry Creek Sch. Dist.*, No. 24-cv-00687-NYW-TPO, 2024 WL 4581161, at *2 (D. Colo. Oct. 25, 2024) (citation modified) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)); *accord, e.g.*, *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). Indeed, the purpose of Rule 15(a) is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Nevertheless, "[a] district court may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "Futility is assessed in terms of whether the amendment would survive a Rule 12 motion for dismissal, that is, 'only if it cannot be maintained under any set of circumstances.'"

---

[2] No scheduling order has been entered in this case and so the court need not consider whether good cause exists to modify a discovery schedule under Federal Rule of Civil Procedure 16(b)(4).

*Est. of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KAS, 2024 WL 1152565, at *2

(D. Colo. Mar. 14, 2024) (quoting *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo.

2006)). Put otherwise, "[a] proposed amendment to a complaint is futile if it would be subject to

dismissal for any reason, including that the amendment would not survive a motion for summary

judgment or a motion to dismiss." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F.

Supp. 3d 1062, 1068 (D. Colo. 2014); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.

1999) ("The futility question is functionally equivalent to the question whether a complaint may

be dismissed for failure to state a claim[.]").

      With regard to the concept of undue delay, "Rule 15(a) does not restrict a party's ability

to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. "The

important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue."

*Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *3

(D. Colo. Mar. 28, 2017), *report and recommendation adopted*, 2017 WL 4404772 (D. Colo.

Apr. 17, 2017). Therefore, in assessing whether the plaintiff has unduly delayed in seeking

amendment, courts focus on the explanation for the delay. *Minter*, 451 F.3d at 1206; *see also*

*Sony Music Ent. España, S.L. v. Moody II LLC*, No. 23-cv-00885-CNS-SBP, 2024 WL 3936664,

at *4 (D. Colo. Aug. 25, 2024) ("Instead of focusing on 'delay' or 'lateness,' courts deciding this

issue look to the moving party's explanation of the delay to determine whether the delay is

undue.") (quotation omitted). "Delay is 'undue' only if it will place an unwarranted burden on

the Court or become[s] prejudicial to the opposing party." *Sullivan v. Equifax Info. Servs. LLC*,

No. 14-cv-02377-CMA-KLM, 2015 WL 4480899, at *4 (D. Colo. July 23, 2015) (citing *Minter*,

451 F.3d at 1205). Whether to allow amendment under Rule 15 lies within the court's wide

discretion. *See, e.g.*, *Minter*, 451 F.3d at 1204.

Informed by these standards, the court turns to the parties' arguments for and against the proposed amendment.

### 2.     Application

As noted, Spectora argues that the proposed amendment must be denied because it is both untimely and futile. *See generally* ECF No. 59 at 2-14. The court respectfully finds that Spectora has not met its burden to show that leave to amend should be denied, for either reason. *See Jefferson Cnty. Sch. Dist.*, 175 F.3d at 859 (burden is on the party opposing the amendment to show that it is improper).

***No showing of undue delay.*** Spectora asserts that ReportHost "had at least three prior opportunities to amend": (1) after serving its initial complaint; (2) during the conferral process preceding the filing of Spectora's motion to dismiss (ECF No. 16); and (3) during the period when the court was considering the motion to dismiss but before it rendered its decision. ECF No. 59 at 1. "[I]nstead," Spectora says, ReportHost "waited for 13 months after Spectora's Motion" to dismiss before filing the Motion to Amend. *Id.* In Spectora's view, "[t]his delay is reason enough to deny the Motion." *Id.*

Taking up the first component of Spectora's argument, it is unclear to the court why ReportHost should have thought to amend its pleading "after serving the complaint," *id.*, but before the parties engaged in any conferral that may have brought to light purported deficiencies in the pleading. Spectora points to no law requiring a party who has just initiated a lawsuit—and whose counsel's signature on the opening pleading has affirmed that it complies with the requirements of Federal Rule of Civil Procedure 11—to immediately undertake an introspective

8

reexamination of the plausibility of its claims. To be sure, "[a] party *may* amend its pleading once as a matter of course no later than 21 days after serving it," Fed. R. Civ. P. 15(a)(1)(A) (citation modified), but there is no legal mandate that it do so.

As to Spectora's second argument, ReportHost similarly was under no obligation to accede to Spectora's view that the pleading was deficient as soon as it was made aware of Spectora's intention to file a motion to dismiss—a procedural mechanism routinely employed in this District, often without success. *See Rehberg v. City of Pueblo*, No. 10-cv-00261, 2011 WL 4102287, at *4 (D. Colo. Sep. 14, 2011) ("Assuming that [a communication from Defendants] did in fact put Plaintiff on notice regarding Defendants' perceived factual deficiencies, Defendants fail to establish the inferential step that such notice therefore required Plaintiff to amend his complaint. Put differently, the letter may have alerted Plaintiff to the notion that Defendants wanted more facts, but that does not mean that Plaintiff needed to amend his complaint."). Importantly, ReportHost vigorously opposed Spectora's motion to dismiss its initial pleading, and nothing in the record indicates that its position was devoid of support. Indeed, in granting Spectora's motion to dismiss the original complaint, Judge Brimmer dismissed the claims without prejudice, *see* ECF No. 45 at 15, 16, 17, 21, 26, 27, thus allowing for consideration of the renewed pleading now before this court.

Third, and for the same reasons, ReportHost was under no obligation to amend its pleading during the period when the court was evaluating Spectora's motion to dismiss. While it is the case that ReportHost "waited for 13 months after Spectora's motion [to dismiss]" to seek leave to amend, *see* ECF No. 59 at 1, the pertinent point is that ReportHost's request for amendment—its first such request in this case—was made just three weeks after the court

dismissed a portion of its claims without prejudice. This timeline evinces nothing like the type of behavior that warrants a finding of undue delay. *See Minter*, 451 F.3d at 1206 (listing examples of conduct supporting the denial of a motion to amend, including using Rule 15 to make the complaint a "moving target" and not raising amendment until the "eve of trial"). To the contrary, ReportHost's explanation for the timing of its request for amendment is entirely reasonable. *See Sony Music Ent. España*, 2024 WL 3936664, at *4 (focusing on the party's explanation in determining whether the delay is undue).

Finally, although Spectora does not contend that it is prejudiced by the timing of the proposed amendment, *see generally* ECF No. 59, prejudice is the "most important factor in deciding a motion to amend the pleadings," *Minter*, 451 F.3d at 1207, and so the court takes it upon itself to consider whether the timing of the amendment works any prejudice against Spectora. The court finds it does not. Permitting a single amendment once in the course of a case—and that only after the plaintiff's claims were dismissed without prejudice following vigorously-contested briefing on a motion to dismiss—is standard practice in complex litigation of this type and places "no unwarranted burden on the Court" or the opposing party. *See Sullivan*, 2015 WL 4480899, at *4.

In sum, the court respectfully finds that Spectora has failed to support its contention that the proposed amendment is unduly delayed.

***No showing of futility.*** Spectora likewise has failed to meet its burden to show that the proposed amendment must be rejected on futility grounds.

Spectora offers a detailed explication of what it asserts to be fatal pleading deficiencies in each claim. It contends that amendment would be futile because ReportHost has failed to

plausibly allege (1) that it owns the copyrighted material, (2) that Spectora directly infringed on

the material, (3) that Spectora knew or encouraged any specific acts of infringement, (4) that

Spectora directly profited from infringement, or (5) that Spectora had a right or ability to

supervise or control the infringing activity. ECF No. 59 at 3-12. Further, Spectora asserts that

ReportHost's copyright claims are barred by the parties' prior settlement agreement and that

Spectora is immune from liability under the Digital Millenium Copyright Act. *Id.* at 7-9. Finally,

Spectora argues that ReportHost has failed to state a common law bad faith claim because it does

not allege that Spectora had contractual discretion. *Id.* at 12-14. Upon a careful review of the

well-pleaded facts in the proposed Amended Complaint, the court cannot conclude that any of

ReportHost's claims may be construed as "patently futile on [their] face." *See Combs v.

Nordstrom, Inc.*, No. 22-cv-00150-RMR-NRN, 2022 WL 2865985, at *4 (D. Colo. July 21,

2022), *report and recommendation adopted*, 2022 WL 17534122 (D. Colo. Aug 17, 2022).

In reaching this conclusion, the court observes that the prior dismissal of ReportHost's

copyright claims turned on somewhat narrow pleading deficiencies: Judge Brimmer found that

ReportHost had adequately alleged ownership of valid copyrights and Spectora's access to the

copyrighted works, but that it had not sufficiently alleged probative similarity between the

copyrighted and infringing works or infringement by Spectora's customers to support the

secondary liability theories. *See* ECF No. 45 at 11-16. The proposed Amended Complaint

purports to address those pleading gaps by tying the asserted "Narratives" and "Narrative

Collections" to specific group-unpublished registrations (TXu 2-195-180 and TXu 2-195-064);

by elaborating on the mechanisms by which Spectora and its customers allegedly obtained and

used ReportHost content through customer uploads, Spectora's "Global Template," and publicly

11

available sample reports; and by setting out a side-by-side comparison between one ReportHost Narrative and an allegedly infringing narrative currently displayed on Spectora's website, including allegations that the infringing version preserves hyperlinks back to ReportHost's site. ECF No. 48-2 ¶¶ 14-18, 28-53.

The proposed Amended Complaint additionally supplies previously missing allegations of direct infringement by Spectora's customers, *see* ECF No. 45 at 15-17, by asserting that customers uploaded templates and inspection reports containing ReportHost Narratives to Spectora's servers, thereby creating unauthorized copies; that, with Spectora's encouragement, those customers used a Spectora-provided Google Drive integration to copy the same reports and templates (including the Narratives) from Spectora's systems to their own cloud folders; and that these acts infringed ReportHost's exclusive rights under 17 U.S.C. § 106. ECF No. 48-2 ¶¶ 32-33, 39-43, 49-51, 72-77. It further alleges that Spectora knew of these infringements based on the parties' prior litigation and settlement agreement and on ReportHost's notices, and that Spectora induced and materially contributed to the customers' conduct by designing and promoting the integration as a means to preserve content that Spectora had agreed to delete and by continuing to host and exploit templates populated with ReportHost material. *Id.* ¶¶ 56-61, 72-77, 82-83, 115-18.

Lastly, the amendments to ReportHost's contract-based claims may accurately be characterized as modest clarifications rather than new causes of action. The proposed Amended Complaint, construed in ReportHost's favor, may be read as more clearly describing the settlement obligations—including deletion of ReportHost content and the parties' confidentiality and non-disparagement commitments—and specifies the conduct ReportHost contends breached

those obligations, such as Spectora's failure to delete its communications with customers about the settlement and its encouragement of customers to preserve content via Google Drive. ECF *Id.* ¶¶ 56-64, 65-77, 115-18. The proposed amended pleading also separates the implied covenant of good faith and fair dealing into a distinct count while leaving the factual core of the underlying contract claim unchanged. *Id.* ¶¶ 119-131.

The court's purpose in describing these allegations is not to suggest that the proposed Amended Complaint necessarily states any plausible claim for relief, but rather to explain why the pleading cannot be characterized as "patently futile on its face," *see Combs*, 2022 WL 2865985, at *4, or one that cannot be "maintained under any set of circumstances.'" *See Nacchio*, 438 F. Supp. 2d at 1287). The court finds, exercising its discretion, that Spectora's legal arguments concerning the viability of ReportHost's proposed claims will be more efficiently and fairly raised in the context of full briefing on a dispositive motion. *See Butler v. Burning Man Project*, No. 24-cv-02045-SBP, 2025 WL 938508, at *6 (D. Colo. Mar. 28, 2025) (observing "that judges in this District have repeatedly recognized that, in most situations, "futility arguments are better addressed" in the context of full briefing—motion, response, and reply—on a motion to dismiss") (citing *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008), and *Electro-Mechanical Prods., Inc. v. Alan Lupton Assocs. Inc.*, No. 22-cv-00763-PAB-SP, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023) (recognizing that "[d]enying a motion to amend based on futility is uncommon in this District and usually involves claims that are facially unsupported in the proposed

amendment")).[3] The court follows this voluminous authority expressing reticence to prohibit amendment on futility grounds in finding that it is inappropriate to conduct a merits analysis in connection with ReportHost's Motion to Amend.

For these reasons, the court respectfully disagrees with Spectora that the proposed amendment necessarily would be futile. Accordingly, the court will grant the Motion to Amend.

### B.    Motion to Stay

Although this court has concluded that the Motion to Amend should be granted, Spectora might appeal that finding and the presiding judge may agree with Spectora that ReportHost's claims should not be resurrected or expanded. In that event, the only claim remaining in the case would be a state law breach of contract claim, ECF No. 1 ¶¶ 168-179, over which the court could properly decline to exercise supplemental jurisdiction. *See, e.g., United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[W]e have held that, absent [a showing that the parties have expended a great deal of time and resources], a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.").

---

[3] *See also, e.g., Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *5 (D. Colo. Feb. 18, 2022) ("Rather than forcing a motion to dismiss or motion for summary judgment argument into a response to the Motion to Amend, [the defendant] is better served by having an opportunity to fully brief the merits of the allegations upon appropriate motion."), *objections overruled*, 2022 WL 22826787 (D. Colo. Mar. 31, 2022); *Fuller v. REGS, LLC*, No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, *3 (D. Colo Mar. 31, 2011) ("The matter is better addressed in a motion to dismiss or motion for summary judgment, not here in the context of Rule 15(a)."); *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, *6 (D. Kan. Oct. 12, 2010) ("Defendants' arguments are better suited for resolution on a motion for summary judgment than a motion to amend.").

In light of these uncertainties, this court now exercises its "broad discretion over the control of discovery" to continue to implement the stay of discovery at this time. *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion."). The court discerns no expediency in permitting discovery before the question of amendment is definitively determined—which will occur either in fourteen days, if there is no objection to the instant Order, or shortly thereafter, when any objections to the Order are resolved by Judge Brimmer. At that point, the court will revisit the stay question. Accordingly, Spectora's Motion to Stay is granted in part.

### CONCLUSION

Consistent with the foregoing, **IT IS RESPECTFULLY ORDERED** as follows:

(1) Plaintiff ReportHost's Motion for Leave to File an Amended Complaint, ECF No. 48, is **GRANTED;**

(2) Defendant Spectora's Motion for Leave to File a Surreply in Opposition to ReportHost's Motion to Amend or to Strike Portions of ReportHost's Reply, ECF No. 64, is **GRANTED in part**; and

(3) Defendant Spectora's Motion for Protective Order and Renewed Motion to Stay All Discovery Proceedings, ECF No. 55, is **GRANTED in part**. The court will provide direction to the parties concerning the setting of a status or scheduling conference following the disposition of any objections to this Order that may be filed. In the interim, discovery **remains stayed**.

The Clerk of Court is respectfully requested to detach and file the clean version of the

proposed Amended Complaint, ECF No. 48-2, as a separate docket entry.[4]

DATED: July 23, 2026                          BY THE COURT:

_____

Susan Prose
United States Magistrate Judge

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after
service of a Magistrate Judge's order or recommendation, any party may serve and file written
objections with the Clerk of the United States District Court for the District of Colorado.
28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection
will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See
Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver
rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119,
1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require
review, including when a "pro se litigant has not been informed of the time period for objecting
and the consequences of failing to object").